IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSEPH GIBSON, IV          §
                          §
V.                        §                    C.A. No. 4:26-cv-04639
                          §
BLUE CROSS BLUE SHIELD     §
OF TEXAS                   §

## Motion to Remand

This case involves a breach of a health insurance policy. BCBS denied claims associated with Mr. Gibson's medically necessary IVIG treatment from November 2024-present. Mr. Gibson sued BCBS in Harris County Civil District Court. BCBS removed it based on federal question jurisdiction, alleging that the Employee Retirement Income Security Act of 1974 ("ERISA") applies. ERISA does not apply because Mr. Gibson and his wife are the only employees insured under a policy issued to his one-person law firm. Under binding Fifth Circuit precedent and Department of Labor regulations, a policy that insures the business owner and spouse is not an ERISA plan. Mr. Gibson moves to remand this case back to state court.

## Factual Summary

1. Joseph V. Gibson, IV ("Gibson") is the founder and sole member of Gibson Legal Group, PLLC, a Houston-based law firm that specializes in representing homeowners, business owners, and injury victims in litigation. [Doc. 1-2, p. 6]. He obtained a group health insurance policy through BCBS, identified by Group No. 384667 and Member ID No. 000924813511. *Id.* The petition alleges that Mr. Gibson was the only insured under the Policy. *Id.*

1

2. Starting in November 2024, BCBS denied Mr. Gibson's claims for medically necessary IVIG treatment for recurrent sinopulmonary infections with bronchiectasis, forcing him to pay out of pocket. He filed suit in Harris County District Court on May 11, 2026. BCBS removed it on June 11, 2026, arguing that the policy is an ERISA governed plan because Gibson Legal Group, PLLC designated itself as "ERISA Plan Sponsor" on a benefit application form. [Doc. 1, ¶1–2]. Calling a plan an ERISA plan on a form does not make it one. The dispositive question is if the plan falls within ERISA's scope. It does not.

## Legal Standard

3. When remand is based on a lack of federal question jurisdiction, the plaintiff can move to remand at any time before a district or appellate court renders final judgment. 28 U.S.C. §1447(c).

4. The removing party has the burden to establish that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts about removal are resolved in favor of remand because the removal statute is strictly construed. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

5. Because Plaintiff's petition raises only state-law breach-of-contract claims, BCBS must demonstrate that those claims are completely preempted by ERISA's civil enforcement provisions. 29 U.S.C. §1132; *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). It cannot meet that burden.

## ERISA Only Governs Employee Benefit Plans, Not Owner-Only Plans

6. ERISA governs employee benefit plans established by employers "for the purpose of providing" benefits to their "participants or beneficiaries." 29 U.S.C. §1002(1).

2

A participant is "any employee or former employee of an employer." 29 U.S.C. § 1002(7). The word "employee" is defined as "any individual employed by an employer." 29 U.S.C. §1002(6).

7. The Fifth Circuit has ruled that the term "employer" includes "any person acting as an employer, or indirectly in the interest of an employer, in relation to an employer welfare plan benefit plan". *Meredith v. Time Ins. Co.*, 980 F.2d 352 (5th Cir. 1993).

8. In 2004, the U.S. Supreme Court held "if a plan covers one or more employees *other than* a business owner and his spouse, the working owner may participate on equal terms with other plan participants". *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 6 (2004) (emphasis added).

9. The Department of Labor Regulations note that "an individual and [his] spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated which is wholly owned by the individual and [his] spouse". 29 C.F.R. § 2510.3-3(c)(1). The Regulations further state that a plan where "no employees are participants covered under the plan" is not an employee benefit plan subject to ERISA. 29 C.F.R. §2510.3-3(b). A sole proprietor is not treated as an employee for this purpose. 29 C.F.R. §2510.3-3(c)(1).

10. The Petition alleges that Mr. Gibson was the only insured under the Policy. [Doc. 1-2, p. 6]. BCBS's exhibit indicates that the health insurance application also requested coverage for Tanesha Bryant and her dependent, Teagan. [Doc. 1-1, pp. 183-187].

11. Mr. Gibson is married to Tanesha Bryant. They have been married since October 15, 2023. Teagan is Tanesha's daughter and dependent. *Exhibit 1.*

12.    The only employees insured under the Policy are Mr. Gibson and his wife. When only the owner and spouse are covered under a policy, there is no "employee" participant; ERISA is not implicated

### No Other Grounds for Removal Exist

13.    Finally, BCBS cannot add a new ground for removal based on diversity jurisdiction because Mr. Gibson specifically waived such jurisdiction:

> 4.    In addition, this Court has jurisdiction because BCBS is a resident of Texas, Mr. Gibson is a resident of Texas, and the amount in controversy does not exceed $75,000.

[Doc. 1, Exh. A, ¶94].

14.    This case must be remanded to state court.

### Prayer

For these reasons, Plaintiff requests that the Court remand this matter back to the 11th District Court of Harris County Texas, and that he have all such other and further relief, both at law and in equity, to which he may be justly entitled.

Respectfully submitted,

By:_____*Amar Raval*_____

Amar Raval, TBA #24046682
S.D. No. 619209
RAVAL TRIAL LAW
1133 Merrill St.
Houston, TX 77009
(713) 324-8118
amar@ravaltriallaw.com

ATTORNEYS FOR PLAINTIFF

## Certificate of Conference

I hereby certify that I conferred by email with opposing counsel regarding the contents of this motion on June 17, June 22, July 3, and July 6, 2026. Opposing counsel indicated that BCBS is opposed to this motion.

*/s/ Amar Raval*
Amar Raval

## Certificate of Service

I hereby certify that on July 9, 2026, a true and correct copy of the foregoing Plaintiff's Motion to Remand was sent by hand delivery, certified mail, return receipt requested, fax transmission, email, or through DC CM/ECF service to:

Andrew G. Jubinsky
Andy.jubinsky@figdav.com
Lance Clack
Lance.clack@figdav.com
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX  75202

*/s/ Amar Raval*
Amar Raval

5